Filed 2/26/26  Figgins v. Covenant Care Courtyard CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| CRISTINA GONZALEZ FIGGINS et al., | C099832 |
| Plaintiffs and Respondents, | (Super. Ct. No. CV20220622) |
| v. | |
| COVENANT CARE COURTYARD, LLC, et al., | |
| Defendants and Appellants. | |

Maria D. Gonzalez (Gonzalez), a former resident of skilled nursing facility Courtyard Healthcare Center (Courtyard), died after falling from her wheelchair at Courtyard.  Her children sued the owner and operator of Courtyard, Gonzalez's primary care physician and physical therapist assistant at Courtyard, and the owner of the building where Courtyard is located.  Courtyard's owner and operator, the physical therapist assistant, and the building owner (together, appellants) moved to compel arbitration and lost.

On appeal, appellants contend the trial court erred by:  (1) admitting a medical expert declaration based on unauthenticated medical records; and (2) disregarding a

1

Courtyard witness declaration in finding appellants failed to authenticate Gonzalez's electronic signature on the arbitration agreement.

We conclude appellants failed to authenticate Gonzalez's electronic signature. As such, we need not address the medical expert declaration. The trial court's order is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

Gonzalez was admitted to Courtyard following her above-knee amputation surgeries. Less than two weeks after her admission, Gonzales fell from her wheelchair and died several days later. Gonzalez's children (plaintiffs) sued Covenant Care Courtyard LLC, the owner and operator of Courtyard, Gonzalez's primary care physician and physical therapist assistant at Courtyard, and the owner of Courtyard's building, CTR Partnership, L.P.

A.      *The First Motion to Compel Arbitration*

Appellants filed a motion to compel arbitration, alleging Gonzalez signed an arbitration agreement to submit any dispute arising out of the services or health care provided by Courtyard to arbitration. The arbitration agreement contains Gonzalez's purported electronic signature.

Courtyard's admission coordinator (coordinator) declared in support of the motion: "I went through the Admission packet and Arbitration Agreement with [Gonzalez] at the time she was admitted to the facility and witnessed her sign the documents electronically. [Gonzalez] never gave any indication that she did not understand the terms of the Admission Agreement or Arbitration Agreement or that she was not voluntarily signing the Arbitration Agreement."

Gonzalez's sons submitted declarations opposing the motion. Their declarations stated Gonzalez's primary language was Spanish and her education stopped at third grade in Mexico. Gonzalez was unable to read and comprehend English, and only read at third-grade level in Spanish. Due to her language limitations, Gonzalez "would never sign a

2

document unless it was reviewed and approved by" her sons. Gonzalez's sons were not present at her admission. She never mentioned signing any documents to her sons and they knew nothing about the arbitration agreement until the lawsuit started.

Plaintiffs' information security expert explained that "for a digital signature to be valid, (i) a person must be *identified* with *unique attributes* that may be used to create the signature, (ii) that same person must be *authorized* to affix those *unique attributes* to a document and (iii) others at a later date must be able to *authenticate the signature* on the document by finding that signature includes *attributes unique* to that person." She observed "it is not apparent that Gonzalez herself was (ii) *authorized* to affix those *unique attributes* to a document because [Gonzalez] relied solely on the login and systems by Courtyard." The expert opined, based in part on this observation, that appellants had not established Gonzalez digitally signed the arbitration agreement.

Plaintiffs' medical expert observed that on the day Gonzalez signed the arbitration agreement, she had a high level of pain that could affect her capacity to make decisions and was administered medications that could cause delirium and changes in mentation.

The trial court found that appellants failed to carry their burden to authenticate Gonzalez's signature but denied the motion without prejudice to allow further discovery (the first order). The first order addressed coordinator's declaration: "The only real evidence that Gonzalez signed the Arbitration Agreement is [coordinator's] eye-witness account. But the parties and the Court are not compelled to rely solely on a self-serving personal account, especially when it lacks detail as to how [Gonzalez] physically executed and stored the signature."

B.     *The Renewed Motion to Compel Arbitration*

Appellants renewed their motion after conducting discovery. The renewed motion added arguments and evidence as to the authenticity of Gonzalez's electronic signature and capacity to execute the arbitration agreement.

A Courtyard manager (manager) stated in her declaration supporting the renewed motion that Courtyard used a cloud computer system named Point Click Care for the preparation and storage of resident admission agreements and arbitration agreements. Point Click Care has an application that uses an e-signature software to collect and store electronic signatures. All Courtyard employees with access to Point Click Care and the application were assigned unique login credentials that they must use to access the system. But at her deposition, manager admitted that no unique login credentials were ever assigned to any Courtyard residents, including Gonzalez. On the other hand, any employee who inserted an electronic signature of a resident on the arbitration agreement without the resident's consent would be terminated immediately. Manager was not present when Gonzalez allegedly signed the arbitration agreement.

Appellants resubmitted coordinator's declaration. At her deposition, coordinator confirmed Gonzalez never received any unique login credentials and "[Gonzalez] did her own signature on my credentials." She also admitted she operated the iPad "at all times" during Gonzalez's signing process. But immediately after this admission, coordinator said she did not recall meeting with Gonzalez in response to a follow up question from plaintiffs' counsel. She also could not recall whether Gonzalez used a stylus pen or a finger to sign the arbitration agreement. Still, she insisted she had recollection of her meeting with Gonzalez when Gonzalez signed the declaration. Courtyard fired coordinator because she failed to obtain a different resident's signature on certain admission documents.

Plaintiffs resubmitted declarations from Gonzalez's sons, the medical expert, and the information security expert in opposing the renewed motion. The information security expert reiterated in her renewed declaration that, in cybersecurity, "identity" is "a digital record associated with a person" and "authentication" is "a process whereby the person described by the record presents a *unique* combinations of credentials that are linked in the system to the identity record, such as a login name and password or

4

a hand-held identity card and personal identification code." Without any credentials, it was impossible for a Courtyard resident to establish his or her digital identity.

The trial court again denied the motion, finding appellants failed to produce evidence showing Gonzalez had the mental capacity to execute the arbitration agreement (the second order). In so doing, it overruled appellants' objections to certain portions of the medical expert's declaration.

Appellants timely appeal.

## DISCUSSION

Appellants contend the trial court erred in: (1) admitting the declaration from plaintiffs' medical expert based on unauthenticated medical records; and (2) disregarding coordinator's declaration that she witnessed Gonzalez signing the arbitration agreement in finding appellants failed to authenticate Gonzalez's electronic signature. We conclude appellants failed to authenticate Gonzalez's electronic signature. As such, we need not address the trial court's admission of the medical expert's declaration.[1]

### A.    *Standard of Review*

Where the trial court's order denying a motion to compel arbitration is based on the court's finding that the moving party failed to carry its burden of proof, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. (*Fabian v. Renovate America, Inc.* (2019) 42 Cal.App.5th 1062, 1066-1067, citing *Patricia A. Murray Dental Corp. v. Dentsply Internat., Inc.*

---

[1] Appellants note the trial court decided it could review the validity of Gonzalez's electronic signature despite the delegation clause in the arbitration agreement. They correctly choose not to challenge this decision on appeal. "[W]e must enforce the delegation clause unless we conclude that no agreement between the contracting parties ever existed due to a lack of mutual assent." (*Najarro v. Superior Court* (2021) 70 Cal.App.5th 871, 879; accord, *Mendoza v. Trans Valley Transport* (2022) 75 Cal.App.5th 748, 774 [whether the parties entered into an agreement to arbitrate at all is for a court to decide].)

(2018) 19 Cal.App.5th 258, 270.)  Specifically, we ask whether the moving party's evidence was (1) uncontradicted and unimpeached and (2) of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.  (*Fabian*, at p. 1067.)  In such an appeal, "it is almost impossible for [an appellant] to prevail . . . by arguing the evidence compels a judgment in his favor.  That is because unless the trial court makes specific findings of fact in favor of the losing [party], we presume the trial court found [the appellant's] evidence lacks sufficient weight and credibility to carry the burden of proof.  [Citations.]  We have no power on appeal to judge the credibility of witnesses or to reweigh evidence." (*Bookout v. State of California ex rel. Dept. of Transportation* (2010) 186 Cal.App.4th 1478, 1486.)

B.      *Burden of Proof and Authentication of Electronic Signature*

A court must order arbitration "if it determines that an agreement to arbitrate the controversy exists."  (Code Civ. Proc., § 1281.2.)  The party seeking arbitration bears the ultimate burden of proof as to the existence of an arbitration agreement.  (*Iyere v. Wise Auto Group* (2023) 87 Cal.App.5th 747, 755.)  But the burden of producing evidence on the issue shifts in a three-step process.  (*Gamboa v. Northeast Community Clinic* (2021) 72 Cal.App.5th 158, 165.)

The first step is that the party seeking arbitration must produce prima facie evidence of a written arbitration agreement.  (*Gamboa v. Northeast Community Clinic, supra*, 72 Cal.App.5th at p. 165.)  It can meet this initial burden by attaching to the motion a copy of the arbitration agreement purporting to bear the opposing party's signature.  (*Ibid.*)  Once the moving party meets its initial burden, the burden shifts to the opposing party to produce evidence to challenge the authenticity of the agreement. (*Ibid.*)  This is the second step.  The opposing party can do so by declaring it has never signed the agreement.  (*Ibid.*)  If the opposing party meets its burden, the moving party must establish with admissible evidence a valid arbitration agreement between the parties.  (*Id.* at pp. 165-166.)  That is the third step.

6

A proponent seeking to authenticate an electronic signature must show the electronic signature "was the act of the person." (*Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 843, citing Code Civ. Proc., § 1633.9, subd. (a).) "The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable." (Code Civ. Proc., § 1633.9, subd. (a).)

Appellants relied on manager's and coordinator's declarations to authenticate the electronic signature. But their opening brief concedes manager's declaration described "Gonzalez signed the Arbitration Agreement using a portable technology (e.g., laptops or iPads) accessed by [coordinator] using [coordinator's] unique logon credentials" and coordinator's declaration "established that she and [Gonzalez] could have signed the Arbitration Agreement only using [coordinator's] unique … login and password." Coordinator also admitted at her deposition that she operated the iPad throughout the signing process and Gonzalez had no unique login credentials. Appellants' evidence establishes Gonzalez's electronic signature was placed on the arbitration agreement using coordinator's login credentials. Thus, either coordinator or Gonzalez could have placed Gonzalez's electronic signature on the arbitration agreement. (See *Garcia v. Stoneledge Furniture LLC* (2024) 102 Cal.App.5th 41, 53 [the party seeking arbitration failed to carry its burden when its evidence did not show only the opposing party could have placed the electronic signature on the arbitration agreement].) This possibility remains even though Courtyard would immediately terminate any employee who signed on behalf of a resident without the resident's consent.

Coordinator's declaration that she witnessed Gonzalez signing the arbitration agreement was contradicted and impeached. At her deposition, coordinator first admitted she operated the iPad throughout Gonzalez's signing process and Gonzalez signed with coordinator's login credentials. But in her response to follow up questions from plaintiffs' counsel, coordinator stated she did not recall meeting with Gonzalez. And

7

Courtyard fired coordinator for failing to obtain a signature from a different resident on admission documents.

Plaintiffs also produced evidence challenging the authenticity of Gonzalez's electronic signature. Gonzalez's sons declared she would never sign any documents without their approval due to her language limitations, yet she never mentioned signing the arbitration agreement to them. Plaintiffs' information security expert opined it was impossible for any Courtyard resident to establish their digital identity because they were not assigned unique login credentials.

Appellants' evidence is neither (1) uncontradicted and unimpeached nor (2) of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding. (*Fabian v. Renovate America, Inc., supra*, 42 Cal.App.5th at p. 1067.) We cannot conclude the trial court erred as a matter of law in denying the motion to compel arbitration.

We reject appellants' contention that the trial court disregarded coordinator's declaration. On appeal, we presume the trial court properly considered and weighed the evidence unless the record affirmatively shows otherwise. (*Election Integrity Project California, Inc. v. Lunn* (2025) 108 Cal.App.5th 443, 449.) Here, the trial court explicitly considered the declaration in its first order and decided it was not required to rely solely on the declaration in making its decision. Although the trial court did not mention the declaration in the second order, nothing in the record suggests the trial court declined to consider the declaration.

We recognize that the trial court made no findings as to the validity of Gonzalez's electronic signature in the second order. But the parties extensively briefed the electronic signature issue both in the renewed motion before the trial court and on appeal. And in reviewing an order denying a motion to compel arbitration, " '[w]e do not review the trial court's reasoning, but rather its ruling. A trial court's order is affirmed if correct on any theory.' " (*J.R. v. Electronic Arts Inc.* (2024) 98 Cal.App.5th 1107, 1114-1115.)

8

Given our conclusion, it is unnecessary to decide whether medical expert's declaration was admissible, or whether appellants timely appealed the first order.

DISPOSITION

The trial court's order denying the renewed motion to compel arbitration is affirmed.  Plaintiffs shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


/s/
MESIWALA, J.


We concur:


/s/
HULL, Acting P. J.


/s/
MAURO, J.